FILED

2017 AUG 25 PM 4: 31

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITEDHEALTHCARE
INSURANCE COMPANY,

    Plaintiff,

v.

Case No. 6:17-cv-1555-ORL-41-KRS

JENNIFER ANN ORMONDROYD
f/k/a Jennifer Ann Fuller, and
MELISSA SIMMONS, as personal
representative of the Estate of
Kenneth Fuller, Jr.,

    Defendants.
_____/

## COMPLAINT IN INTERPLEADER

Plaintiff, UnitedHealthcare Insurance Company ("United"), by and through its undersigned counsel and pursuant to 29 U.S.C. § 1132(a)(3) and Federal Rule of Civil Procedure 22, brings this interpleader action against Defendants, Jennifer Ann Ormondroyd f/k/a Jennifer Ann Fuller and Melissa Simmons, as personal representative of the Estate of Kenneth Fuller, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    United is a corporation organized and existing under the laws of the State of Connecticut, maintaining its principal office and headquarters in Hartford, Connecticut.

2.    United is the insurer of the Optum360 Services, Inc. Employee Life Plan (the "Plan"), which is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). A true and correct copy of the Plan is attached hereto as Exhibit "A."

3. Defendant Jennifer Ann Ormondroyd f/k/a Jennifer Ann Fuller ("Ormondroyd") is a citizen of Florida and resides in Orange County.[1]

4. Decedent Kenneth Fuller, Jr. ("Decedent") was a citizen of Florida at the time of his death and resided in Orange County.

5. After Decedent's death, Defendant, Melissa Simmons ("Simmons"), was named personal representative of the Estate of Kenneth Fuller, Jr. (the "Estate"). Pursuant to 28 U.S.C. § 1332(c)(2), Simmons is a citizen of Florida.

6. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(a)(3) and Federal Rule of Civil Procedure 22.

7. Untied has the discretionary authority and the functional role of determining whether benefits are payable under the terms of the plan. In this interpleader action, United asks this Court to determine the rightful beneficiary of ERISA plan benefits in the face of competing claims, and therefore seeks equitable relief.

8. Federal Rule of Civil Procedure 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."

9. Pursuant to 29 U.S.C. § 1132(e)(1), the District Courts of the United States have exclusive jurisdiction of civil actions brought under ERISA. 29 U.S.C. § 1132(e)(1).

10. Venue is appropriate in this Court because it is the judicial district in which all Defendants reside. 28 U.S.C. § 1391; 29 U.S.C. § 1132(e)(2).

---

[1] Upon information and belief, subsequent to the entry of a divorce decree, Jennifer Ann Fuller legally changed her name back to her maiden name, Jennifer Ann Ormondroyd.

## BACKGROUND

11. Decedent and Ormondroyd were married on July 19, 2011.

12. On September 30, 2013, Decedent became an employee of Optum360 Services, Inc.

13. Shortly thereafter, he was enrolled in the Plan and named Ormondroyd, then known as Jennifer Ann Fuller, as his sole beneficiary.

14. As a participant, Decedent was enrolled for group basic life insurance with coverage of two times his basic annual earnings. Thus, the Decedent's benefits under the Plan totaled $270,000.00 (the "Death Benefit").

15. On or about July 24, 2014, Decedent and Ormondroyd were legally divorced by virtue of a Final Judgment of Dissolution of Marriage.

16. The Decedent passed away on September 25, 2016.

17. At the time of his death, Ormondroyd remained the sole designated beneficiary of the Decedent's Death Benefit under the Plan.

18. On June 14, 2017, Simmons, as the personal representative of the Estate, sent correspondence to United and requested that the Death Benefit be paid to Decedent's Estate instead of Ormondroyd.

19. According to Simmons, Ormondroyd is not entitled to receive the Death Benefit pursuant to Florida Statutes, §732.703(2) which provides that:

> A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order. The decedent's interest in the asset shall pass as if the decedent's former spouse predeceased the decedent.

20. As a result of the competing claims with respect to the Death Benefit, United is unable to issue payment to Ormondroyd or the Estate, through Simmons, as personal representative.

## COUNT I – INTERPLEADER

21. United reincorporates the allegations contained in paragraphs 1 through 20 above as if set forth herein.

22. Pursuant to ERISA and the Plan, benefits are payable to the named beneficiary at the time of the Decedent's death. See Exhibit "A" at p. 11.

23. However, Simmons, as personal representative of Decedent's Estate, has asserted a right to the Decedent's Death Benefit on behalf of the Estate.

24. Based on the Defendants' adverse claims, United cannot safely determine who is entitled to Decedent's Death Benefit.

25. As a result, United may be subject to multiple lawsuits and the Plan may be exposed to double liability unless this Court requires Defendants to assert in this action any claims they have or may wish to assert to Decedent's Death Benefit and the correct beneficiary of Decedent's proceeds are determined by this Court.

26. By way of this interpleader, United seeks certainty regarding Defendants' respective rights to the Decedent's Death Benefit.

27. There is presently an actual, justiciable controversy as to the proper beneficiaries of Decedent's Death Benefit.

28. United has made no determination whether Ormondroyd or the Estate is the proper beneficiary of Decedent's Death Benefit. These adverse interests have placed United in the untenable position of making a benefit determination only to face a subsequent legal action

commenced by a disappointed claimant. United is a mere disinterested stakeholder to this action because it does not assert any interest in Decedent's Death Benefit and has no interest in the controversy between the Defendants.

29. United has retained the undersigned attorneys to represent it in this action and is obligated to pay the firm a reasonable fee for its services.

30. As United: (i) is totally disinterested in the interpleader stake, other than its interest in depositing it into the Court registry so that the conflicting claims can be judicially determined; and, (ii) did nothing to cause the conflicting claims or give rise to the peril of double vexation, United is entitled to an award of costs and attorneys' fees incurred in maintaining this action.

31. Since United is an innocent stakeholder exposed to double or multiple liability, and is free from any fault, the only proper procedural device in which to adjudicate the parties' respective rights and obligations with respect to the interpleader stake, is this action in interpleader. As such, United has no other adequate remedy at law.

WHEREFORE, UnitedHealthcare Insurance Company respectfully requests that this Court take jurisdiction over this matter, and issue an order or orders:

(1) indemnifying and/or discharging United from any liability in connection with the Plan, with the exception of the requirement that it surrender and deposit the interpleader stake (minus its reasonable attorney's fees and costs incurred this action) into the Court registry to be disbursed in accordance with further order of this Court;

(2) ordering each of the Defendants to interplead and settle amongst themselves and/or in accordance with further order of this court, their respective rights and claims to the Death Benefit;

(3) ordering that in the event it is determined that any other person not yet joined as a party to this action may make a claim for, or be entitled to, the Death Benefit under the Plan, they be joined and subject to the relief requested herein;

(4) awarding United its reasonable attorney's fees and costs incurred in this action; and

(5) awarding any other and further relief that this Court deems just and proper.

Respectfully submitted this 24th day of August, 2017.

*/s/ Daniel Alter*
DANIEL ALTER
Florida Bar No. 0033510
dan.alter@gray-robinson.com
EVAN D. APPELL
Florida Bar No. 58146
eappell@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111

*Counsel for Plaintiff*

# 4782403 v1